FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 16 2010

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff-Respondent,

vs.                             Civ. No. 09-1049 JP/KPM
                                Cr. No. 04-0666 JP

TRAVIS DENNY,

    Defendant-Petitioner.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendant-Petitioner Travis Denny filed a Motion To Vacate, Set Aside Or Correct Sentence By A Person in Federal Custody Pursuant To 28 U.S.C. §2255 (Civ. Doc. No. 1, Cr. Doc. No. 152) (§2255 Petition) on November 2, 2009. On August 18, 2010 the Magistrate Judge filed Proposed Findings And Recommended Disposition (Civ. Doc. No. 28, Cr. Doc. No. 130) (PFRD) recommending that Denny's §2255 Petition be denied. On October 1, 2010 Denny filed Objections To The Magistrate Judge's Proposed Findings And Recommended Disposition Filed August 18, 2010 (Civ. Doc. No. 31, Cr. Doc. No. 154). Having reviewed Denny's objections *de novo*, the Court concludes that Denny's objections are not well taken and will adopt the Magistrate Judge's PFRD.

Denny raises four objections to the Magistrate Judge's PFRD. First, Denny asserts that the date he actually discovered that an appeal had not been filed preceded the date that he could have discovered that the appeal had not been filed if he had only exercised due diligence. Second, Denny asserts that the Magistrate Judge incorrectly considered the factors that Denny believes justify equitable tolling separately, rather than collectively. Third, Denny asserts that his attorney's ineffective assistance constituted a state impediment to his ability to file a §2255

petition such that the statute of limitations did not begin to run until the impediment was removed under §2255(f)(2). Fourth, Denny asserts that he is actually innocent of his sentence. Of those four objections, only Denny's assertion that the Magistrate Judge erred by not applying §2255(f)(2) requires any detailed discussion. The remaining three objections are without merit and do not require any discussion because Denny has failed to identify any justification for his assertion that the statute of limitations begins to run on a date later than his actual discovery, the Magistrate Judge did in fact consider all of the tolling factors collectively, and the Tenth Circuit has expressly held that a defendant cannot be actually innocent of a non-capital sentence. *See Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996).

In his third objection, Denny argues that the Magistrate Judge erred by considering Denny's attorney's failure to file an appeal as grounds for equitable tolling rather than as an independent basis for determining the date that the statute of limitations began to run. Denny contends that his argument related to the conduct of his trial-attorney does not rely on equitable tolling, but instead on §2255(f)(2) which provides that the statute of limitations does not begin to run until "the date on which the impediment to making a motion created by the government action in violation of the Constitution of the United States is removed, if the movant was prevented from making a motion by such governmental action." Denny contends that his trial counsel's failure to pursue an appeal created an impediment to his ability to file a §2255 motion and that this impediment must be imputed to the government. In support of this assertion, Denny cites *Waldron v. Jackson*, 348 F.Supp.2d 877, 882 (N.D. Ohio 2004), for the proposition that an appellate attorney's failure to file an appeal constituted a state-created impediment to the petitioner's filing of a habeas petition such that the statute of limitations did not begin to run until the impediment was removed. Denny's reliance on *Waldron* is misguided.

In order for the petitioner in *Waldron* to file a habeas petition, the petitioner was first

required to exhaust all state remedies. *Id.* at 885 The petitioner could not exhaust his remedies, however, until he filed a motion for a delayed appeal in the state court. *Id.* Because the attorney's ineffective assistance in not filing an initial appeal had created the need for a delayed appeal and thus prevented the petitioner's state remedies from being exhausted, the court concluded that the ineffective assistance created an impediment that continued until the state court resolved the motion for a delayed appeal. *Id.* at 886. Thus, the focus was not on the fact that the attorney was ineffective, but was instead on the fact that the attorney's conduct had actually precluded the petitioner from filing a habeas petition.

Here, in contrast, Denny's attorney's failure to file an appeal did not in anyway impede Denny's ability to file a §2255 petition. Following Denny's discovery that his attorney had failed to file an appeal, Denny could have filed his §2255 petition at any time. Because Denny was not prevented from filing his §2255 petition by his attorney's actions, §2255(f)(2) is inapplicable in this case and does not alter the Magistrate Judge's conclusion that the statute of limitations began to run on September 20, 2008. The Court therefore concludes that Denny's argument regarding §2255(f)(2) is without merit.

IT IS HEREBY ORDERED that the Magistrate Judge's Proposed Findings And Recommended Disposition (Civ. Doc. No. 28, Cr. Doc. No. 152) is ADOPTED and Defendant-Petitioner Travis Denny's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody Pursuant to 28 U.S.C. §2255 (Civ. Doc. No. 1, Cr. Doc. No. 130) will be dismissed.

_____
SENIOR UNITED STATES DISTRICT JUDGE